```
                    United States District Court
                      District of Massachusetts
_____
                              )
HOUSE OF CLEAN, INC.,         )
        Plaintiff,            )
                              )
        v.                    )    Civil Action No.
                              )    07-10839-NMG
ST. PAUL FIRE AND MARINE      )
INSURANCE CO., INC.,          )
        Defendant.            )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

This breach of contract action, which has been pending for over four years, arises out of the refusal of several insurance companies to provide coverage under liability policies held by a dry cleaning business, plaintiff House of Clean, Inc. ("HOC"). HOC's insurance claims were made after the release of certain hazardous material on real property in Andover, Massachusetts. The only remaining defendant is St. Paul Fire and Marine Insurance Co, Inc. ("St. Paul").

On May 27, 2011, the Court entered a Memorandum and Order on the parties' cross-motions for summary judgment. In response to that ruling, HOC moves to stay the case or, in the alternative, to postpone the trial from its scheduled date of June 13, 2011, until August 1, 2011. St. Paul opposes the motion on the grounds that HOC should have anticipated all possible outcomes of the summary judgment motions and been prepared to go to trial on the

-1-

scheduled date.

The motion will be denied for several reasons.  First, the Court informed counsel at a status conference on April 4, 2011 that no further continuances of the trial would be granted.  Second, HOC has had ample time to conduct depositions and to prepare for trial.  Plaintiff has known for many years what claims it would be required to prove in this case.  Although the Court stated in its recent Memorandum and Order that certain materials would be helpful in assessing plaintiff's breach of contract claim, it did not thereby require the production of such material and it is for plaintiff to decide what evidence to present to the jury.  Finally, a further extension would cause disruption not only to defendant but also to the Court whose docket is unusually busy at this time.  For those reasons, a continuance is unwarranted.

The Court presumes that its recent order has had the effect of narrowing the issues for trial which was originally expected to take about one week to complete.  Accordingly, the parties are notified that the trial is to be completed during the week of June 13, 2011 and that, if necessary, time limitations will be imposed to assure that outcome.

**ORDER**

In accordance with the foregoing, plaintiff's motion to continue (Docket No. 132) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 1, 2011